■ The People of the State of New York, Respondent, v Robert J. Grimaldi, Appellant. [817 NYS2d 460]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered October 22, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that he was denied effective assistance of counsel based on defense counsel's alleged failure to seek suppression of statements made by defendant at the crime scene to his parole officer and to a police officer. To the extent that the contention of defendant survives his plea of guilty (*see People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude that it is lacking in merit. The record establishes that defense counsel in fact moved to suppress those statements and that, after hearing testimony concerning their admissibility, County Court refused to suppress them. The agreed-upon sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.

■ The People of the State of New York, Respondent, v John R. Edell, Appellant. [817 NYS2d 196]—Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered April 8, 2004. The judgment convicted defendant, upon his plea of guilty, of sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.